IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CURTIS DEENER, §
§
Petitioner, §
§
VS. §
§ NO. 3-08-CV-0713-K
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
§
Respondent. §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Curtis Deener, by and through his attorney, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of illegal possession of less than one gram of cocaine. Punishment, enhanced by two prior felony convictions, was assessed at 14 years confinement. After his conviction and sentence were affirmed on direct appeal, *see Deener v. State*, 214 S.W.3d 522 (Tex. App.--Dallas 2006, pet. ref'd), petitioner filed this action in federal district court.

II.

In his sole ground for relief, petitioner contends that the trial court improperly admitted a certificate of analysis of physical evidence and two chain of custody affidavits in violation of the confrontation clause of the Sixth Amendment to the United States Constitution.[1]

---

[1] Petitioner also argues that the admission of this evidence violated his rights under the Texas Constitution. (*See* Pet. Mem. Br. at 1). However, violations of state law do not provide a basis for federal habeas relief. *See Smith*

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-23, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1519-20. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

---

*v. Dretke*, No. 3-06-CV-0144-N, 2006 WL 2042612 at *3 (N.D. Tex. Jul. 21, 2006), *COA denied*, No. 06-10919 (5th Cir. Aug. 6, 2007).

B.

Petitioner was charged with illegal possession of less than one gram of cocaine. At trial, Jeremy Mack, a Terrell police officer, testified that he stopped petitioner for a traffic violation and arrested him on an outstanding parole warrant. (SF-III at 18, 22-23). During an inventory search conducted following the arrest, petitioner removed a pack of cigarettes from his pocket. (*Id.* at 30-31). Mack looked inside the cigarette pack and found an off-white, rock-like substance he believed to be crack cocaine. (*Id.* at 31). The evidence was taken by Mack to a storage facility at the Terrell Police Department, where it remained until another officer, Lance Haley, transported the evidence to the Texas Department of Public Safety Crime Lab in Garland, Texas. (*See id.* at 36 & St. Exhs. 2, 3). Lab tests performed by Andrew Macey, a criminalist, revealed that the substance weighed 0.07 grams and contained cocaine. (St. Exh. 4).

Neither Haley nor Macey testified at trial. Instead, the state proved up the results of the lab test and the chain of custody of the contraband substance by affidavit as permitted by Texas law. Under Article 38.41 of the Texas Code of Criminal Procedure:

> Sec.1. A certificate of analysis that complies with this article is admissible in evidence on behalf of the state or the defendant to establish the results of a laboratory analysis of physical evidence conducted by or for a law enforcement agency without the necessity of the analyst personally appearing in court.
>
> * * * *
>
> Sec. 4. Not later than the 20th day before the trial begins in a proceeding in which a certificate of analysis under this article is to be introduced, the certificate must be filed with the clerk of the court and a copy must be provided by fax, hand delivery, or certified mail, return receipt requested, to the opposing party. The certificate is not admissible under Section 1 if, not later than the 10th day before the trial begins, the opposing party files a written objection to the use of the certificate with the clerk of the court and provides a copy of the

objection by fax, hand delivery, or certified mail, return receipt requested, to the offering party.

TEX. CODE CRIM. PROC. ANN. art. 38.41 (Vernon 2005). Similarly, Article 38.42 of the Texas Code of Criminal Procedure provides:

> Sec.1. A chain of custody affidavit that complies with this article is admissible in evidence on behalf of the state or the defendant to establish the chain of custody of physical evidence without the necessity of any person in the chain of custody personally appearing in court.
>
> * * * *
>
> Sec. 4. Not later than the 20th day before the trial begins in a proceeding in which a chain of custody affidavit under this article is to be introduced, the affidavit must be filed with the clerk of the court and a copy must be provided by fax, hand delivery, or certified mail, return receipt requested, to the opposing party. The affidavit is not admissible under Section 1 if, not later than the 10th day before the trial begins, the opposing party files a written objection to the use of the affidavit with the clerk of the court and provides a copy of the objection by fax, hand delivery, or certified mail, return receipt requested, to the offering party.

Id. art. 38.42. As required by these statutes, the state filed a certificate of analysis and chain of custody affidavits with the court clerk, and provided defense counsel with copies of these documents more than 20 days prior to trial. However, counsel did not file written objections to the certificate and affidavits before the trial began. Despite his failure to file written objections, defense counsel objected at trial that the hearsay documents violated petitioner's Sixth Amendment right of confrontation as interpreted by the Supreme Court in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). (*See* SF-III at 42). The objection was overruled. (*Id.* at 42-43). On direct review, the court of appeals held that petitioner "forfeited" his right of confrontation by failing to file written objections at least 10 days before trial as required by Texas law. In rejecting

petitioner's argument that the right of confrontation must be expressly waived on the record and cannot be forfeited by inaction, the appeals court wrote:

> We conclude the right of confrontation is a forfeitable right--not a waivable-only right--and must be preserved by a timely and specific objection at trial. This was clearly the case before *Crawford*. And this remains the case after *Crawford*, as there is nothing in *Crawford* that would excuse appellant for failing to make a confrontation claim at trial.

*Deener*, 214 S.W.3d at 527-28 (internal citations and quotations omitted). Petitioner now challenges that decision on federal habeas review.

### C.

The confrontation clause of the Sixth Amendment guarantees the right of a criminal defendant "to be confronted with the witnesses against him." *Cruz v. New York*, 481 U.S. 186, 189, 107 S.Ct. 1714, 1717, 95 L.Ed.2d 162 (1987), *quoting* U.S. CONST. amend. VI. In *Crawford*, the Supreme Court held that under the confrontation clause, "[t]estimonial statements of witnesses absent from trial [can be] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford*, 124 S.Ct. at 1369. Although *Crawford* does not address whether the right of confrontation can be forfeited by failing to follow state procedural rules, it does recognize that there are exceptions to the confrontation clause. One exception noted by the Court is the "rule of forfeiture by wrongdoing . . . [which] extinguishes confrontation claims on essentially equitable grounds." *Id.* at 1370. Petitioner cites this language, as well as dicta in older Supreme Court opinions,[2] to support his argument that the right of

---

[2] Petitioner cites *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912), *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), *California v. Trombetta*, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984), and *Taylor v. Illinois*, 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). None of those cases even remotely address under what circumstances a defendant may waive his confrontation rights.

confrontation cannot be forfeited by inaction. Rather, according to petitioner, there must be a knowing, voluntary, and intelligent waiver of that right in order to withstand constitutional scrutiny.

The court cannot accept petitioner's tortured analysis for finding a confrontation clause violation. There simply is no basis for concluding that the state court decision, holding that petitioner forfeited his right of confrontation by failing to file written objections to the certificate of analysis and chain of custody affidavits at least 10 days before trial as required by Texas law, is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Not only has the Supreme Court not addressed this issue, but the court is unaware of any federal decision holding that a confrontation clause violation cannot be forfeited by failing to comply with state procedural rules. *See* 28 U.S.C. § 2254(d).[3]

Even if the admission of the certificate of analysis and chain of custody affidavits violated petitioner's confrontation rights, he still is not entitled to federal habeas relief. A confrontation clause violation is subject to a harmless error analysis. *See Cupit v. Whitley*, 28 F.3d 532, 537-38 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 1128 (1995). The test is whether the constitutional error had a "substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 538, *quoting Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993). Among the factors relevant to this determination are: (1) the importance of the witness's testimony in the prosecution of the case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony; and (4) the overall strength of the prosecution's case. *Id.* at 539.

---

[3] The Fifth Circuit has held that a confrontation clause violation may be procedurally barred from federal habeas review if the state court determined that the petitioner failed to preserve constitutional error by not objecting to the admission of hearsay evidence at trial. *See, e.g. Parr v. Quarterman*, 472 F.3d 245, 253 (5th Cir. 2006), *cert. denied*, 127 S.Ct. 2974 (2007); *Wright v. Quarterman*, 470 F.3d 581, 586-87 (5th Cir. 2006), *cert. denied*, 127 S.Ct. 2996 (2007). While not directly on point, these cases suggest that the right of confrontation may be forfeited by inaction.

At trial, Officer Jeremy Mack testified that he discovered an "off-white rock-like substance" tucked inside a pack of cigarettes confiscated from petitioner. (SF-III at 31). Mack put the evidence in a bag, which he sealed and initialed, and placed the bag in a drug locker inside a secured storage area. (*Id.* at 36, 39). When asked by the prosecutor on direct examination if the contents of a sealed bag marked as State's Exhibit 1B appeared to be the substance taken from petitioner, Mack responded that the contents of the bag appeared to be the same substance. (*Id.* at 39). The prosecutor then asked Mack to read the results of a laboratory analysis of the substance to the jury. (*Id.* at 44-45). Without objection by defense counsel, Mack read the report stating that the substance weighed 0.07 grams and contained cocaine. (*Id.* at 45). Petitioner did not offer any evidence to refute this testimony. In fact, petitioner, who testified in his own defense, said that the police performed a field test on the substance in his presence, which he acknowledged was positive for cocaine. (*Id.* at 130-31). In light of this evidence, the court cannot say that the admission of the certificate of analysis and chain of custody affidavits, even if erroneous, had a "substantial and injurious effect or influence in determining the jury's verdict." *See Sherman v. Scott*, 62 F.3d 136, 142 & n.6 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 816 (1996) (noting that even if admission of laboratory report violated confrontation clause, federal habeas relief was not warranted where undercover police officer testified that he purchased a substance that all parties to the transaction treated as cocaine and that a field test performed on the substance was positive for cocaine).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 8, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE